UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAWRENCE R. HOLLAND, et al.,

          Plaintiffs,

    v.

LAWRENCE M. BECKER, et al.,

          Defendants.
_____

DECISION AND ORDER

08-CV-6171L

  This case involves claims for pension benefits, arising under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.*, brought by nine current and former employees of Xerox Corporation ("Xerox"). The factual background has been set forth in an October 28, 2013 Decision and Order (Dkt. #19), familiarity with which is assumed.

  In that Decision and Order, the Court dismissed all of plaintiffs' claims, other than their claims for breach of fiduciary duty and for equitable relief based on defendants' failure and refusal to apply to them the directives of the Court of Appeals for the Second Circuit in that court's 2006 decision in a related case, *Frommert v. Conkright*. *See id.* at 13.

  Because plaintiffs' prior attorney had died in 2009, while this action was pending, the Court also directed the plaintiffs to "take steps to apprise this Court and the defendants if they intend to continue prosecuting this action, and if so, whether they are going to retain [new] counsel or proceed *pro se*." The Court further advised the plaintiffs that they needed to "ensure

that the Court and defendants are kept informed as to plaintiffs' current address," and that "if they fail to do so, their claims may be dismissed with prejudice, without a trial." *Id.* at 12.

Following the issuance of that order, five plaintiffs contacted the Court and indicated that they were voluntarily withdrawing their claims. Those plaintiffs' claims have been dismissed. The other four plaintiffs–Ellen Ohstrom, Robert Palermo, James Sykes, and Robert Warner–did not respond to the Court's order, and have not provided the Court with their current mailing address, as directed by the Court.

On May 12, 2014, defendants filed a motion to stay this action (Dkt. #34). The remaining four plaintiffs did not respond to the motion to stay.[1] On November 7, 2014, Magistrate Judge Jonathan W. Feldman, noting the fact that "the Court received no response papers opposing [defendants'] Motion," granted the stay motion. (Dkt. #39.)

The Court has received no communications from plaintiffs since then. The only docket entry after the issuance of the stay order is a change of address filed by defendants' attorney. (Dkt. #40.)

Given the plaintiffs' failure to respond to the Court's October 2013 order, their failure to respond to defendants' motion for a stay, and their complete lack of communication with the Court since the death of their previous attorney some nine years ago, it appears that they have no intention of prosecuting this case any further. Plaintiffs were notified by the Court that their failure to respond to the Court's October 2013 order could result in the dismissal of their claims without a trial. In addition, *pro se* litigants are required by Local Rule 5.2(d) to furnish the Court

---

[1] One of the five plaintiffs whose claims have been dismissed, Ruth Falcon, notified the Court of her intention to voluntarily withdraw her claims shortly after defendants filed their motion for a stay. *See* Dkt. #37, #38.

with a current address at all times, and the rule expressly states that "[f]ailure to do so may result in dismissal of the case with prejudice."

In light of these circumstances, I see no reason to require defendants or the Court to continue to expend any further time or effort in this case. Plaintiffs were afforded ample opportunity to inform the Court if they wished to continue to prosecute this case, and they have not done so. I therefore conclude that the case should be dismissed.

## CONCLUSION

The stay entered on November 7, 2014 (Dkt. #39) is lifted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 22, 2018.